IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| HENRY ODOM, JR., and, : | |
| JUSTIN BOSTIC, : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | |
| : | No. 5:14-CV-22 (CAR) |
| JASPER COUNTY, CHARLES : | |
| ROPER, SHERIFF DONNIE POPE, : | |
| and DETENTION OFFICER : | |
| NATHAN WILKS, : | |
| : | |
| Defendants. : | |
| : | |

## ORDER ON MOTION FOR ENTRY OF FINAL JUDGMENT

Before the Court is Defendants Jasper County, Charles Roper, and Sheriff Donnie Pope's Motion for Entry of Final Judgment [Doc. 56] pursuant to Federal Rule of Civil Procedure 54(b).  Rule 54(b) permits a district court to enter "final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."[1]  In deciding whether to certify a partial final judgment, "[a] district court must follow a two-step analysis[.]"[2]  "First, the court must determine that its final judgment is, in fact, both 'final' and a 'judgment.'"[3]  "Second, having found that the decision was a final judgment, the district court must then determine that there is no 'just

---

[1] Fed.R.Civ.P. 54(b).
[2] *Lloyd Noland Foundation, Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 777 (11th Cir. 2007).
[3] *Id.* (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980)).

reason for delay' in certifying it as final and immediately appealable."[4] Certification of a partial judgment is only appropriate in "unusual case[s]," and district courts are "counseled … to exercise the limited discretion afforded by Rule 54(b) conservatively."[5]

In this case, the Court's March 26, 2016 Order, which granted Defendants' Motion for Summary Judgment, was unquestionably a final judgment for purposes of Rule 54(b).[6] However, after balancing the judicial administrative interests and relevant equitable concerns, the Court does not find a certification of partial judgment would be proper. Because this matter is still ongoing as to Defendant Nathan Wilks, partial judgment could result in piecemeal appeals.  Additionally, Defendants have not presented a "pressing need[] … for an early and separate judgment" or otherwise demonstrated that the instant action is unusual and therefore appropriate for partial judgment.[7]  Rather, Defendants simply assert they should be granted Entry of Final Judgment because their Motion for Summary Judgment was granted.[8]  This single conclusory statement is not sufficient to overcome "the historic federal policy against piecemeal appeals."[9]  Accordingly, Defendants' Motion for Entry of Final Judgment [Doc. 56] is hereby **DENIED**.

---

[4] *Id.* at 778 (quoting *Curtiss-Wright Corp.*, 446 U.S. at 8).
[5] *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997).
[6] *See Lloyd Noland Foundation, Inc.*, 483 F.3d at 779 (stating that a judgment that dismisses a party entirely is final).
[7] *See Ebrahimi*, 114 F.3d at 166; *Wright v. Langford*, No. 5:10-CV-272 (CAR), 2012 WL 2989602, at *2-3 (M.D. Ga. July 20, 2012).
[8] [Doc. 56] at para. 4.
[9] *Ebrahimi*, 144 F.3d at 166; *Lloyd Noland Foundation, Inc.*, 483 F.3d at 778.

**SO ORDERED,** this 29th day of June, 2016.

                                          <u>S/ C. Ashley Royal</u>
                                          C. ASHLEY ROYAL
                                          UNITED STATES DISTRICT JUDGE

CML/jrf